**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| BENJAMIN P. FOREMAN, *Plaintiff*, v. FEDERAL BUREAU OF PRISONS, *Defendant*. | Civil Action No. 24 - 2087 (LLA) |

**MEMORANDUM OPINION**

Plaintiff Benjamin P. Foreman, proceeding pro se, brings this action against the Federal Bureau of Prisons (the "BOP"), alleging that the BOP violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. ECF No. 1. Mr. Foreman requested various records related to his incarceration and medical treatment in the Federal Correctional Institution in Milan, Michigan ("FCI-Milan"). ECF No. 1-1, at 3-4.[1] The BOP has filed a motion for summary judgment. ECF No. 14. The parties agree that the sole issue before the court is whether the BOP properly withheld the names of employees who worked in Mr. Foreman's unit at FCI-Milan in April 2020. ECF No. 16, at 2-3; ECF No. 17, at 1. For the reasons explained below, the court will grant the BOP's motion for summary judgment.

### I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In February 2024, Mr. Foreman submitted a FOIA request to the BOP for records including "[t]he first and last name [of] the federal employee who was working as a Registered Nurse" in

---

[1] The citations to ECF Nos. 1-1, 14-2, and 16-1 refer to the CM/ECF-generated numbers at the top of each page rather than any internal pagination.

Mr. Foreman's medical unit on April 6, 2020, the log-in sheet from that same day, and the "first and last name of [the correctional officer] who worked [the] FCI-Milan E-Unit COVID-19 Isolation Unit on the evening and night of April 9, 2020, and the morning of April 10, 2020." ECF No. 1-1, at 9-10; *see* ECF No. 1, at 3-4.  The BOP reports that it received Mr. Foreman's request on March 7, 2024.  ECF No. 6 ¶ 1.  While the BOP states that it sent an acknowledgement letter to Mr. Foreman on March 13, 2024, *id.* ¶ 2, Mr. Foreman claims that he never received a response, ECF No. 8, at 3-4.[2]  In June 2024, Mr. Foreman filed a duplicate FOIA request.  ECF No. 1, at 4; *see* ECF No. 1-1, at 9-10.

In July 2024, Mr. Foreman filed this complaint against the BOP, alleging that it had violated FOIA by failing to comply with statutory deadlines.  ECF No. 1, at 4-7.  After the BOP filed an answer in October 2024, ECF No. 6, the court ordered the BOP to file a status report on Mr. Foreman's request, ECF No. 7.  In the BOP's first status report, the BOP explained that while it had not yet completed its search, it had begun releasing records to Mr. Foreman and anticipated moving for summary judgment after it completed its response.  ECF No. 9, at 1-2.  In the parties' last joint status report, filed in March 2025, the BOP maintained that it had "released all responsive, nonexempt material to Foreman" and that Mr. Foreman had received printed copies upon request.   ECF No. 12, at 1.  The parties noted the sole remaining dispute—the BOP's withholding of the correctional officers' names—and proposed a briefing schedule for the BOP's forthcoming motion for summary judgment.  *Id.*; *see* ECF No. 13.  The BOP filed its motion for summary judgment in May 2025, arguing that its withholding of the correctional officers' names

---

[2] The BOP cites two exhibits purportedly attached to its answer as evidence that it responded to Mr. Foreman's requests, *see* ECF No. 6 ¶¶ 1-2, but no such exhibits have been filed.

was proper under FOIA Exemptions 6 and 7(C).  ECF No. 14.  The motion is fully briefed.  ECF Nos. 14, 16, 17.

## II.    LEGAL STANDARDS

"[T]he vast majority of FOIA cases can be resolved on summary judgment."  *Brayton v. Off. of the U.S. Trade Representative*, 641 F.3d 521, 527 (D.C. Cir. 2011).  An agency seeking summary judgment must demonstrate that no material facts are in dispute, that it conducted an adequate search for responsive records, and that each record has either been produced or is exempt from disclosure.  *Jud. Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 59 F. Supp. 3d 184, 189 (D.D.C. 2014).  The agency invoking a FOIA exemption bears the burden of demonstrating that it applies.  *U.S. Dep't of Just. v. Reps. Comm. for Freedom of the Press*, 489 U.S. 749, 755 (1989). An agency can meet its burden for summary judgment when agency affidavits or declarations "describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009) (quoting *Miller v. Casey*, 730 F.2d 773, 776 (D.C. Cir. 1984)).

The pleadings of pro se parties must be liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  But "on a motion for summary judgment, a *pro se* plaintiff is held to the same evidentiary burdens as those represented by counsel and must therefore 'provide evidence that would permit a reasonable jury to find in his favor.'"  *Husain v. Power*, 630 F. Supp. 3d 188, 195 (D.D.C. 2022) (internal quotation marks omitted) (quoting *Prunte v. Universal Music Grp.*, 699 F. Supp. 2d 15, 21-22 (D.D.C. 2010), *aff'd*, 425 F. App'x 1 (D.C. Cir. 2011) (per curiam)).

## III.     DISCUSSION

The parties agree that "the only dispute left" is whether the court should order disclosure of "the name of the correctional officer who worked [in] [Mr.] Foreman's FCI-Milan E-Unit COVID-19 Isolation Unit on April 9, 2020[] and the morning of April 10, 2020."  ECF No. 16, at 2-3; *see* ECF No. 17, at 1.  The BOP argues that it properly withheld the officers' names pursuant to Exemptions 6 and 7(C).  ECF No. 14, at 4-10.  Exemption 6 permits agencies to withhold disclosure of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy," 5 U.S.C. § 552(b)(6), while Exemption 7(C) covers "records or information compiled for law enforcement purposes," the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of privacy," *id.* § 552(b)(7)(C).  For both Exemptions 6 and 7(C), the court must weigh the "privacy interest in non-disclosure against the public interest in the release of the records."  *Lepelletier v. Fed. Deposit Ins. Corp.*, 164 F.3d 37, 46 (D.C. Cir. 1999).  Because the court concludes that the records were properly withheld pursuant to Exemption 6, the court does not need to decide whether the BOP's staff logs are records "compiled for law enforcement purposes" under Exemption 7(C).

At the threshold, Exemption 6 applies to "personnel and medical files and similar files." 5 U.S.C. § 552(b)(6).  "The term 'similar files' is broadly interpreted, such that Exemption 6 protects from disclosure all information that 'applies to a particular individual' in the absence of a public interest in disclosure."  *Lardner v. Dep't of Just.*, 638 F. Supp. 2d 14, 23 (D.D.C. 2009) (quoting *U.S. Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 602 (1982)).  This threshold requirement is "fairly minimal and easily satisfied in this case."  *Wash. Post Co. v. U.S. Dep't of Health & Hum. Servs.*, 690 F.2d 252, 260 (D.C. Cir. 1982).  Here, the disputed withholding consists entirely of the names of officers on log-in sheets for FCI-Milan's Special Housing Unit

4

("SHU"), showing which employees worked in the SHU on specific dates and times.  ECF No. 14, at 8; ECF No. 16, at 3.  This information "applies to a particular individual"—each employee—so the threshold requirement is met.

The court must next "evaluate whether 'disclosure would compromise a substantial, as opposed to a de minimis, privacy interest,' and then 'balance the privacy interest in non-disclosure against the public interest' in disclosure."  *Kruglov v. U.S. Customs & Border Prot.*, No. 22-CV-260, 2024 WL 4345853, at *4 (D.D.C. Sep. 30, 2024) (first quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 874 (D.C. Cir. 1989); then quoting *Consumers' Checkbook, Ctr. for the Study of Servs. v. U.S. Dep't of Health & Hum. Servs.*, 554 F.3d 1046, 1050 (D.C. Cir. 2009)).

The court begins by assessing the privacy interest.  BOP's declarant explains that the disclosure of the staff names in the employment logs "would clearly constitute . . . an unwarranted invasion of the personal privacy of BOP employees."  ECF No. 14-2, at 9 ¶ 27.  As a general matter, the "[D.C.] Circuit has consistently held that 'federal employees[] have privacy interests in their names . . . that must be protected.'"  *Power the Future v. U.S. Dep't of State*, No. 24-CV-346, 2025 WL 343175, at *6 (D.D.C. Jan. 30, 2025) (second and third alterations in original) (quoting *Painting & Drywall Work Pres. Fund, Inc. v. Dep't of Hous. & Urb. Dev.*, 936 F.2d 1300, 1302 (D.C. Cir. 1991)).  And "low-level government employees," as opposed to government employees with public-facing or policy-making roles, "have a heightened privacy interest."  *Insider, Inc. v. U.S. Gen. Servs. Admin.*, 635 F. Supp. 3d 1, 4 (D.D.C. 2022).  Here, disclosure "would or could cast these individuals in an unfavorable or negative light, causing irreparable damage to reputations, embarrassment, harassment, threats of reprisal, comment, speculation, and stigma."  ECF No. 14-2, at 10-11 ¶ 33.  "This is particularly true for correctional

officers . . . when they are assigned to the SHU." *Id.* at 11 ¶ 34.  "[A]n inmate's placement in SHU is not voluntary," and an inmate can be placed there for reasons including "investigation of rules infractions, some as serious as homicide," or "for their own protection because of the nature of their crime, gang affiliation, or cooperation with law enforcement individuals." *Id.*  Accordingly, "the association of correctional officers and/or augmented staff by name with" the inmates inside the SHU places those employees "at risk of many of these reputational and other harms, not just from their work with the inmates assigned to SHU, but from those inmates' confederates" elsewhere in and outside the prison. *Id.*  Given the "heightened security concerns" for individuals who work in the SHU, *id.*, the court agrees with the BOP that those individuals have a privacy interest in employment logs showing when they worked in the SHU.[3]

The court must next assess the public interest in disclosure.  Mr. Foreman argues that there is a "cognizable public interest" in the disclosure of the withheld information because he is seeking the name of a specific BOP official in connection with a suit he has filed in the Eastern District of Michigan.  ECF No. 16, at 5; *see* ECF No. 16-1, at 5.[4]  But Mr. Foreman's "personal interest in discerning potential defendants for his own litigation 'does not count in the calculation of the public interest.'"  *Pronin v. Fed. Bureau of Prisons*, No. 17-CV-1807, 2020 WL 1189386, at *3

---

[3] Mr. Foreman does not dispute the privacy interests at stake, instead suggesting that the court could "safeguard" the privacy interest of the officer by "releasing nothing but his name."  ECF No. 16, at 4.  But as the above cases demonstrate, privacy interests justify withholding even the name of a low-level government official in these circumstances. *See Power the Future*, 2025 WL 343175, at *7 (collecting cases).

[4] A judge in the Eastern District of Michigan entered summary judgment in favor of the United States in Mr. Foreman's suit in September 2024.  Opinion and Order, at 20, *Foreman v. United States of America*, No. 22-CV-10401 (E.D. Mich. Sep. 20, 2024), ECF No. 117.  Mr. Foreman had a pending motion for reconsideration in that case at the time he filed his brief in opposition to the BOP's motion for summary judgment in this case in June 2025, but the judge denied that motion in July 2025.  Order Denying Motion to Alter Judgment, at 4, *Foreman v. United States of America*, No. 22-CV-10401 (E.D. Mich. July 31, 2025), ECF No. 124.

(D.D.C. Mar. 12, 2020) (quoting *Oguaju v. United States*, 288 F.3d 448, 450 (D.C. Cir. 2002), *vacated sub nom. on other grounds*, *Oguaju v. U.S. Marshals Serv.*, 541 U.S. 970 (2004), *reinstated*, 378 F.3d 1115 (D.C. Cir. 2004)).  Rather, the "general rule" is that "the identity of the requester and purpose of the request are immaterial to the resolution of a FOIA claim." *Lazaridis v. U.S. Dep't of Just.*, 766 F. Supp. 2d 134, 145 (D.D.C. 2011).  That is because "FOIA was *not* intended to function as a private discovery tool" but instead intended as a mechanism "to ensure an informed citizenry." *Nat'l Lab. Rels. Bd. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).  Accordingly, "public interest in disclosure 'does not include helping an individual obtain information for his personal use.'" *Lazaridis*, 766 F. Supp. 2d at 145 (quoting *Oguaju*, 288 F.3d at 450); *see Pronin*, 2020 WL 1189386, at *3 (concluding that there was no cognizable public interest in disclosure of BOP staff names where the plaintiff sought the names only to pursue various lawsuits).  "Of course, if [Mr. Foreman] wants BOP staff names for his personal litigation purposes, he may file a lawsuit"—which he has already done—"and seek those names in civil discovery." *Pronin*, 2020 WL 1189386, at *3.  But he may not wield FOIA as a "private discovery tool." *Robbins Tire & Rubber Co.*, 437 U.S. at 242.

Having found "no public interest" in the disclosure of BOP staff members' names, the court "need not linger over the balance; something, even a modest privacy interest, outweighs nothing every time." *Nat'l Ass'n of Retired Fed. Emps.*, 879 F.2d at 879; *see Pronin*, 2020 WL 1189386, at *5.  The court thus concludes that the BOP properly withheld the requested information pursuant to Exemption 6.

## IV.    CONCLUSION

For the foregoing reasons, the court will grant the BOP's motion for summary judgment,

ECF No. 14.  A contemporaneous order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date:   March 11, 2026